IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **C.I. on behalf of her son, A.I., a minor** | : CIVIL ACTION |
| 2105 Tyson Avenue | : NO.  03-334 |
| Philadelphia, PA 19149 | : |
| | : |
| v. | : |
| | : |
| **SCHOOL DISTRICT OF PHILADELPHIA** | : |
| Administration Building | : |
| **Room 520** | : |
| 21st Street, South of the Parkway | : |
| Philadelphia, PA 19103 | : |
| | : |
| and | : |
| | : |
| **PAUL VALLAS, CHIEF EXECUTIVE** | : |
| **OFFICER FOR THE SCHOOL DISTRICT** | : |
| **OF PHILADELPHIA** | : |
| 2120 Winter Street, Room 219 | : |
| Philadelphia, PA 19103 | : |
| | : |
| and | : |
| | : |
| **SAM KARLIN, PRINCIPAL** | : |
| **GEORGE WASHINGTON HIGH SCHOOL** | : |
| 10175 Bustleton Avenue | : |
| Philadelphia, PA 19116 | : |
| | : |
| and | : |
| | : |
| **KELLY BARTON, PRINCIPAL** | : |
| Northeast High School | : |
| 1601 Cottman Avenue | : |
| Philadelphia, PA 1911-3430 | : |
| | : |
| and | : |

1

| | |
|---|---|
| **HARRY GROSS, SPECIAL EDUCATION** | **:** |
| **SUPERVISOR** | **:** |
| **N.E. CLUSTER** | **:** |
| **4141 Chalfont Drive** | **:** |
| **Philadelphia, PA** | **:** |

## CIVIL ACTION - COMPLAINT

Plaintiff, C.I., on behalf of her son A.I., a minor, by and through their attorneys Frost & Zeff herein brings the instant Complaint against the Defendants and alleges as follows:

### INTRODUCTION

1. This action for monetary relief is brought by Plaintiffs to redress the intentional violations by the Defendants pursuant to 42 U.S.C. Section 1983, Section 504 of the Rehabilitation Act of 1973, the Individuals with Disabilities Education Act 20 U.S.C. Section 1400, et seq., the Due Process and Equal Protection Clause of the Fourteenth Amendment and the Americans With Disability Act for damages caused by the Defendants persistent refusal to classify, evaluate and provide necessary educational services to Plaintiff A.I.

2. This action arises under 42 U.S.C. Section 1983, the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400, et seq., (I.D.E.A.), the Rehabilitation Act of 1973, 29 U.S.C. Section 794(a), the Fourteenth Amendment and the Americans With Disability Act.

### JURISDICTION

3. Jurisdiction is conferred upon this Court by 42 U.S.C. Section 1983, et seq., I.D.E.A., 20 U.S.C. Section 1400, et seq. as amended by Pub.L.No. 105-17 at Section 615(i)(3)(a) (1997), the Rehabilitation Act of 1973, the Fourteenth Amendment, the Americans With Disability Act, 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a) which provides original jurisdiction for

Plaintiffs' claims arising under the laws of the United States and other actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The amount in controversy exceeds One Hundred Thousand ($100,000.00) Dollars exclusive of interest and costs.

5. Plaintiffs ask this Court to exercise supplemental jurisdiction over their State claims.

## VENUE

6. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside and do business within its jurisdictional limits.

## PARTIES

7. Plaintiff C.I. is the natural parent and guardian of Plaintiff A.I. who resides within the Commonwealth of Pennsylvania at the above-captioned address. Plaintiff C.I. brings this action on behalf of Plaintiff A.I.

8. Plaintiff A.I., is a seven-teen (17) year old child who suffers from Adjustment Disorder with Anxiety, Generalized Anxiety Disorder, Asperger's Disorder, Pervasive Development Disorder, Panic Disorder, Social Anxiety Disorder, School Phobia, Dysthymic Disorder and Avoidant Personality Disorder and lives in Philadelphia, Pennsylvania, at the above-captioned address. Plaintiff A.I. is a duly qualified disabled student under I.D.E.A. and Section 504 of the Rehabilitation Act of 1973.

9. Defendant, School District of Philadelphia (hereinafter referred to as "District") is a public school district established under Pennsylvania law. It receives federal funds under, I.D.E.A.

10. Defendant Paul Vallas (hereinafter referred to as "Defendant Vallas") is the Chief Executive Officer of the Philadelphia School District, conducting business at the above-captioned address. Defendant Vallas is sued in his individual and official capacity.

11. Defendant, Sam Karlin (hereinafter referred to as "Defendant Karlin") was the Principal of George Washington High School for the School District of Philadelphia. Defendant Karlin is sued in his individual and official capacity.

12. Defendant, Kelly Barton, is and was the Principal of Northeast High School located at the above-captioned address. She is sued in her official and individual capacity.

13. Defendant, Harry Gross (hereinafter referred to as "Defendant Gross") is and was at all times relevant herein, the Special Education Supervisor for the School District of Philadelphia with his principal place of business at the above-captioned address. At all times relevant herein, he is sued in his individual and official capacity.

## BACKGROUND

14. The Individuals with Disabilities Education Act (I.D.E.A.) was created to assure that all children with disabilities have available to them a free appropriate public education which emphasizes public education and related services designed to meet their unique needs to assure that the rights of children with disabilities and their parents and guardians are protected to assist states and localities to provide for the education of all children with disabilities and to assess and assure the effectiveness of efforts to educate children with disabilities. I.D.E.A. Section 1400(c).

15. A free appropriate education consists of needed special education and related services designed to meet the child's unique needs, and provided in conformity with certain procedural safeguards specified by the act. I.D.E.A., 20 U.S.C. Section 1414(a)(1)(A).

16. I.D.E.A. requires each local educational agency such as a school district within a state, to identify, locate and evaluate every child with disabilities. Ibid.

17. Disabilities, as defined by I.D.E.A. include various mental, emotional and physical impairments.

18. The procedural safeguards provided by the Act include but are not limited to the right of the student's parents to participate in the development of an Individualized Education Program (IEP), and to obtain an administrative hearing (and, if needed, an administrative appeal and judicial review) on any complaint concerning the student's education. 20 U.S.C. Section 1401(18).

19. I.D.E.A. requires that before the filing of a civil action seeking relief that is also available under I.D.E.A., a Plaintiff must exhaust the I.D.E.A. procedures. 20 U.S.C. Section 1415(f).

20. According to the Rehabilitation Act of 1973 29 U.S.C. Section 794(a), no person by reason of his or her disability may be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by any executive agency. A program or activity is defined as a department, agency, special purpose district or other instrument of a state or of a local government or the entity of such state or local government that distributes such assistance. 29 U.S.C. Section 794(b)(1)(A)(B).

## **FACTS**

21. Plaintiff, A. I., is a 17 year old student who resides within the School District of Philadelphia.

22. In the 1999-2000 school year, Plaintiff A.I. was a Freshman at George Washington High School in the Washington cluster.

23. In or about January 2000, A.I. stopped attending school due to intense fears, anxiety, and social withdrawal.

24. On or about April 19, 2000, Plaintiff was evaluated by a licensed and certified school psychologist. This psychological evaluation resulted in a diagnosis of Adjustment Disorder with Anxiety, Generalized Anxiety Disorder, Asperger's Disorder, Pervasive Development Disorder, Panic Disorder, Social Anxiety Disorder, School Phobia, Dysthymic Disorder and Avoidant Personality Disorder. The psychologist recommended a functional analysis to assist A.I.'s re-entry into school and staff training regarding Asperger's Disorder.

25. As a result of the diagnosis, psychiatrists and psychologists recommended that an IEP be developed for A.I. and that he be placed in a therapeutic private school setting.

26. On or about July 2000, Plaintiff C.I. requested to have the School District evaluate Plaintiff A.I. Despite Plaintiff's request, the District did not evaluate A.I. until October 19, 2000.

27. At the time of the evaluation, Plaintiff A.I. was out of school for ten months.

28. As a result of the School District's evaluation, the Defendant District concluded that Plaintiff A.I. was not in need of specially designed instruction and recommended a Chapter 15 Service Agreement which included a transportation plan geared towards returning A.I. to school.

29. At all times relevant hereto, the Service Agreement recommended in October 2000 was written on July 2, 2001. Between October 2000 to July 2, 2001, the District merely provided A.I. with minimal homebound instruction and no transition services.

30. The July 2001 Service Agreement specified the following supports and services for A.I.: tutoring in the home and local library, a transition plan from the library to Northeast High School, a "bridge program" to increase time in high school to half days; a one-on-one support services

assistant to facilitate transition and a recommendation for intensive mental health services from outside agencies.

31. Plaintiff, C.I. accepted the July 2001 Service Agreement and requested a due process hearing to address Plaintiff A.I.'s need for special education and his right to compensatory education.

32. From July 2001 to October 2001, the District failed to provide Plaintiff with the required services as set forth in the July 2001 service agreement.

33. On November 6, 2001, prior to the due process hearing, a settlement agreement was reached between the Plaintiffs and Defendants. Pursuant to the agreement, the Defendant District was given approximately three months, until February 2002, to fully and successfully transition Plaintiff from home or school. If the District failed to transition Plaintiff A.I. to school the Defendant District agreed to develop an IEP for him and immediately refer him for approved private school placement.

34. Pursuant to the aforementioned agreement, Plaintiff A.I. was never fully and successfully transitioned back to public school by February 1, 2002.

35. On or about January 23, 2002, an IEP conference was convened to discuss Plaintiff A.I.'s needs. During the conference, the Defendant District agreed to immediately re-evaluate the process and convene a multi-disciplinary evaluation team with an IEP team in February 2002.

36. Despite the January 23, 2002 conference, the Defendant District took no action to develop an IEP for A.I. and did not refer him to a private school placement.

37. On or about April 2002, the Defendant District convened an IEP meeting to re-evaluate Plaintiff A.I.

38. At all times relevant herein, C.I. was never provided with written notice of the meeting. Plaintiff C.I. was informed verbally of the meeting. After receiving verbal notice of the meeting, Plaintiff C.I. informed Defendant District of her unavailability but the District disregarded her request to reschedule and held the meeting in Plaintiff C.I.'s absence on April 11, 2002.

39. On April 11, 2002, during the IEP, the Defendant District deemed Plaintiff A.I. unexceptional and developed another service agreement for Plaintiff A.I. instead of an IEP.

40. As a result of the Defendant District's actions in breaching the settlement agreement and failing to create an IEP for Plaintiff A.I., C.I. requested a due process hearing.

41. On or about June 3, 2002, a due processing hearing was conducted. After hearing the testimony, the hearing officer found the Defendant District was not in compliance with the November 6, 2001 settlement agreement. The Hearing Officer further found contradictory terms in the settlement agreement and recommended that the parties meet to discuss a new agreement.

42. On June 27, 2002, Plaintiffs appealed the decision of the hearing officer.

43. Additionally, on July 1, 2002, Plaintiffs requested a due process hearing to address Plaintiff A.I.'s right to compensatory education beyond that which is owed from November 6, 2001 for failing to provide A.I. computer instruction in the home from a teacher, failing to provide A.I. with a special education certified teacher serving as a case manager and providing itinerant level emotional support and social skills training, failing to provide a 1 on 1 support service assistant to transition Plaintiff A.I. back to school, failing to provide A.I. with accommodations for taking the SAT; failing to consistently provide A.I. with six hours per week of academic instruction in the home.

44. After filing the Request for Due Process, the Plaintiffs and Defendants reached a supplemental settlement agreement dated July 1, 2002.

45. The terms of the supplemental settlement agreement were:

   1. A.I. will have the opportunity to graduate from high school with a full transcript, all necessary credits and a diploma by August 31, 2002. In that regard, the District will provide Adam with a minimum of 100 hours of 1-1 instruction in the home from the date of this Agreement through August 31, 2002. Adam's transcript will be amended to delete failing grades for courses not provided to him.

   2. If A.I. does not graduate by August 31, 2002, a meeting will be held in early September 2002 to discuss Adam's educational program/placement needs for the 2002-2003 school year. Adam will be provided with an appropriate educational program/placement if he does not graduate by August 31, 2002.

   3. Within 45 days of submission of invoices, receipts or purchase orders, the District will fund $9,975.00 worth of courses, memberships and materials selected by A.I. and C.I., such as distance learning courses and related expenses, health club memberships, a home computer, computer desk, laptop computer, DSL monthly access, modem, battery pack, printer, palm pilot, software, etc. These funds shall be expended by December 31, 2002. Any funds not spent by then shall revert to the District.

   4. Failure by the District to full and timely comply with the terms of this Supplemental Settlement Agreement will result in additional compensatory education owed to A.I.

46. At all times relevant herein, Defendants violated the terms of the Supplemental Settlement Agreement by failing to provide A.I. with a diploma and a full transcript by August 31, 2002, failing to pay the invoices and purchase orders submitted for A.I.'s computer, compensatory courses, memberships and materials.

47. At all times relevant hereto, the Defendant District failed to properly identify, evaluate, and create an IEP appropriate for Plaintiff. As a result, Defendant District failed to provide Plaintiff

with a free appropriate education causing Plaintiff A.I. to suffer from academic regression, social regression and perpetuating Plaintiff A.I.'s fear of attending school.

48. Defendants continue to be in violation of the supplemental agreement. Failure by Defendants to fully and timely comply with the terms of this settlement agreement will result in additional compensatory education owed to Plaintiff A.I.

49. Compensatory education award can no longer further the legislative goal of making Plaintiff A.I. whole. It is too little too late.

## COUNT I
## PLAINTIFFS vs. ALL DEFENDANTS
## VIOLATION OF CIVIL RIGHTS

50. Plaintiffs incorporate by reference paragraphs 1 through 49 herein set forth at length.

51. Upon information and belief, the Defendants were incapable of providing Plaintiff A.I. with a free appropriate public education.

52. Defendants disregarded several evaluations that recommended special education programming for A.I.

53. As a result, Plaintiff A.I. has regressed socially and academically.

54. As a further result of Defendants' failure to identify, create an IEP and Defendants' failure to properly place Plaintiff A.I. in an appropriate support class, Plaintiffs will have to incur additional expenses for medical and educational services.

55. Defendants' failure to provide Plaintiff A.I. with free appropriate public education is a systematic legal violation which violates Plaintiffs' civil rights.

56. Defendants owed Plaintiff A.I. a duty to provide free appropriate public education under I.D.E.A. 20 U.S.C. Section 1400, et seq. and the Rehabilitation Act of 1973 29 U.S.C. Section 794(a).

57. Defendants further violated IDEA by using the mediation process to deny or delay a parent's right to a due process hearing and to deny Plaintiff any other rights afforded under IDEA.

58. Defendants further violated Plaintiff A.I.'s rights by refusing to permit Plaintiff C.I. from participating in meetings to identify, evaluate and place Plaintiff A.I.

59. Defendants owed Plaintiff A.I. a duty to insure that he receive educational services in a least restrictive environment.

60. Defendants breached the duties described in paragraphs 53, 55, 57 and 59.

61. At all times material hereto, the actions and inaction of all Defendants were performed under color of state law while acting in their official capacities.

62. All Defendants caused the harm complained of herein in violation of I.D.E.A.

63. The actions by Defendants constitute a pattern and practice of failing to provide students like Plaintiff A.I. in particular, an appropriate education for Plaintiff's educational needs.

64. The actions of Defendants constitute a pattern of psychologically harming students like Plaintiff A.I.

65. The actions of Defendants constitute a pattern and practice of delay so the Defendants would not have to pay, expend and/or provide Plaintiff A.I. with services, trained teachers to help them meet the needs of children and Plaintiff A.I. in particular.

66. The Defendants' actions constitute a lack of cautious disregard for Plaintiffs' rights to a free appropriate public education.

67. The Defendants' actions were carried out wilfully, wantonly and maliciously and with such reckless disregard for the consequences as to reveal a conscious indifference to Plaintiffs' rights to a free appropriate public education.

68. As a result of the above-described violations, Plaintiffs suffered damages as described above.

## COUNT II
## PLAINTIFFS vs. DEFENDANT DISTRICT
## 42 U.S.C. SECTION 1983 AND IDEA

69. Plaintiffs incorporate by reference paragraphs 1 through 68 herein set forth at length.

70. Defendants failed to meet the educational needs of Plaintiff A.I. through their policies, customs, patterns, and practice of failure to identify and create an appropriate IEP for Plaintiff. The Defendants' conduct consisted of the failure to promulgate policies, customs, patterns, practices and procedures and a failure to train as follows:

   a) having a large number of inherently deficient policy directives and/or administrative procedures to provide access of a free appropriate public education to Plaintiff A.I.;

   b) continuing with policies, procedures, customs and practices which Defendants knew or should have known were causing injuries to students despite the obvious need to change, modify and/or correct said policies;

   c) failing to provide A.I. with a free appropriate public education; and

   d) failing to identify A.I. as an exceptional student under IDEA.

71. The above-described actions of the Defendants were the direct and proximate cause of Plaintiff's injuries aforesaid.

72. By reason of the aforesaid, Plaintiff's civil rights were violated as guaranteed by the federal statutes.

73. As a result of the above-described violations, Plaintiffs suffered damages as described above. consent and in disregard of the law.

## COUNT III
## PLAINTIFFS vs. ALL DEFENDANTS
## 29 U.S.C. SECTION 794

74. Plaintiffs incorporate by reference paragraphs 1 through 73 herein set forth at length.

75. Defendants violated the rights of the named Plaintiffs under Section 504 of the Rehabilitation Act of 1973 by failing to identify and evaluate within a reasonable time and transfer him to a facility which could provide Plaintiff A.I. appropriate education and by discriminating against Plaintiff because of his disability.

76. As a result of the above-described violations, Plaintiffs suffered damages as described above.

## COUNT IV
## PLAINTIFFS vs. DEFENDANTS
## FOURTEENTH AMENDMENT AND
## THE EQUAL PROTECTION CLAUSE

77. Plaintiffs incorporate by reference paragraphs 1 through 76 herein set forth at length.

78. The Defendants' conduct in failing to provide Plaintiff A.I. with a free appropriate public education constitutes unlawful discrimination against Plaintiff and other children in violation of the equal protection clause of the Fourteenth Amendment and in violation of due process contrary to the Fourteenth Amendment to the United States Constitution.

79. Defendants failed to meet the educational needs of Plaintiff A.I. through their policies, customs, patterns, and practice. The Defendants' conduct consisted of the failure to promulgate policies, customs, patterns, practices and procedures and a failure to train as follows:

   a) having enforced a large number of inherently deficient policy directives and/or administrative procedures to provide access of a free appropriate public education to Plaintiff;

   b) continuing with policies, procedures, customs and practices which Defendants knew or should have known were causing injuries to students despite the obvious need to change, modify and/or correct said policies including but not limited to the use of restraints; and

   c) failing to provide a free appropriate public education.

80. The above-described actions of the Defendants were the direct and proximate cause of Plaintiff's injuries aforesaid.

81. By reason of the aforesaid, Plaintiff's civil rights were violated as guaranteed by the federal statutes.

82. As a result of the above-described violations, Plaintiffs suffered damages as described above.

## COUNT V
## PLAINTIFFS vs. DEFENDANT DISTRICT
## AMERICAN WITH DISABILITIES ACT

83. Plaintiffs incorporate by reference paragraphs 1 through 82 herein set forth at length.

84. Plaintiff is a qualified individual with a disability under Title II of the Americans With Disabilities Act, 42 U.S.C. Section 12132.

85. At all times relevant herein, Defendant District failed to provide Plaintiff A.I. with an education in violation of the Americans With Disabilities Act, 42 U.S.C. Section 12132.

86. The actions by Defendant constitutes a pattern and practice of failing to provide students like Plaintiff A.I. in particular, an appropriate education for Plaintiff's educational needs.

87. The actions of Defendant constitutes a pattern of psychologically harming students like Plaintiff A.I. in particular.

88. The actions of Defendant constitutes a pattern and practice of delay so that Defendant does not have to pay, expend and/or provide Plaintiff with services, or trained teachers to help them meet the needs of children and Plaintiff A.I. in particular.

89. The Defendant's actions constitutes a lack of cautious regard for Plaintiff's rights to a free appropriate public education.

90. The Defendant's actions were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to reveal a conscious indifference to Plaintiffs' rights to a free appropriate public education.

91. As a result of the above-described violations, Plaintiffs suffered damages as described above.

## COUNT VI
## PLAINTIFF v. ALL DEFENDANTS
## VIOLATION OF 22 Pa. Code §14.36, 342.36 and 342.42

92. Plaintiffs incorporate by reference paragraphs 1 through 91 herein set forth at length.

93. Defendants violated 22 Pa. Code §14.36, 342.36 and 342.42 by not providing Plaintiff with a free and appropriate education and breached their duty to implement an appropriate program for Plaintiff.

94. All Defendants caused the harm complained of herein, and the actions or inactions were performed under color of state law while acting in their official capacity.

95. The actions of Defendants constitute a pattern of psychologically harming students like Plaintiff A.I. in particular.

96. The actions of Defendant constitute a pattern and practice of delay so that Defendants do not have to pay, expend and/or provide Plaintiff with services, or trained teachers to help them meet the needs of children, and Plaintiff A.I. in particular.

97. The Defendants' actions constitutes a lack of cautious regard for Plaintiff's rights to a free and appropriate public education.

98. The Defendant's actions were carried out wilfully, wantonly, maliciously, and with such reckless disregard for the consequences as to reveal a conscious indifference to Plaintiff's rights to a free appropriate public education.

99. As a result of the above-described violations, Plaintiffs suffered damages as described above.

**WHEREFORE**, Plaintiffs ask this Court to:

    a)    issue a declaratory judgment that Defendants have violated Plaintiffs' rights as set forth above;

    b)    award A.I. and C.I. compensatory and punitive damages;

    c)    award to Plaintiffs their costs and attorneys' fees; and

    d)    grant such other relief as may be appropriate.

**FROST & ZEFF**

BY: _____
MARK B. FROST, ESQUIRE
JOSEPHINE CARABELLO PATTI, ESQ.
Attorney for Plaintiffs
PIER FIVE AT PENN'S LANDING
PHILADELPHIA, PA 19106
(215) 351-3333